FILED
CLERK, U.S. DISTRICT COURT

6/26/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:_____DD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-00257-AB |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Heroin, and Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(i), (b)(1)(A)(vi), (b)(1)(A)(viii): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(1): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| TIMOTHY KIETH MOORE and JESSE DANIEL TALAUGON, aka "Grumpy," | |
| Defendants. | |

The Grand Jury charges:

//

//

//

//

//

1                                   COUNT ONE

2                               [21 U.S.C. § 846]

3                              [ALL DEFENDANTS]

4    A.   OBJECTS OF THE CONSPIRACY

5         Beginning on a date unknown and continuing through on or about

6    February 20, 2020, in San Luis Obispo and Santa Barbara Counties

7    within the Central District of California, and elsewhere, defendants

8    TIMOTHY KIETH MOORE and JESSE DANIEL TALAUGON, also known as

9    "Grumpy," conspired with others known and unknown to the Grand Jury

10   to knowingly and intentionally distribute and possess with intent to

11   distribute the following substances:

12        1.   at least one kilogram of a mixture and substance containing

13   a detectable amount of heroin, a Schedule I narcotic drug controlled

14   substance, in violation of Title 21, United States Code, Sections

15   841(a)(1), (b)(1)(A)(i);

16        2.   at least 400 grams of a mixture and substance containing a

17   detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

18   propanamide ("fentanyl"), a Schedule II narcotic drug controlled

19   substance, in violation of Title 21, United States Code, Sections

20   841(a)(1), (b)(1)(A)(vi); and

21        3.   at least 500 grams of a mixture and substance containing a

22   detectable amount of methamphetamine, a Schedule II controlled

23   substance, in violation of Title 21, United States Code, Sections

24   841(a)(1), (b)(1)(A)(viii).

25   B.   MANNER AND MEANS OF THE CONSPIRACY

26        The objects of the conspiracy were to be accomplished, in

27   substance, as follows:

28

1      1.   Defendants MOORE and TALAUGON would arrange for other co-
2  conspirators to travel to Mexico, or travel to Mexico themselves, to
3  obtain fentanyl, heroin, and methamphetamine, and return to the San
4  Luis Obispo area with the controlled substances.

5      2.   Defendants MOORE and TALAUGON would sell fentanyl, heroin,
6  and methamphetamine to drug customers.

7      3.   Defendants MOORE and TALAUGON would store and possess
8  firearms in their residence and vehicles in order to protect their
9  drugs and drug proceeds.

10  C.   OVERT ACTS

11      In furtherance of the conspiracy and to accomplish its objects,
12  on or about the following dates, defendants MOORE and TALAUGON, and
13  others known and unknown to the Grand Jury, committed various overt
14  acts within the Central District of California, and elsewhere,
15  including, but not limited to, the following:

16      Overt Act No. 1:   On June 23, 2019, defendant MOORE used
17  Facebook messenger to solicit help from a co-conspirator to find
18  women who would drive controlled substances over the border from
19  Mexico.

20      Overt Act No. 2:   On July 10, 2019, defendant MOORE used
21  Facebook messenger to discuss traveling to Mexico to purchase
22  controlled substances for $475 a pound and the need for drivers with
23  clean criminal records to cross the border undetected.

24      Overt Act No. 3:   On August 12, 2019, defendant MOORE sent a
25  text message to a co-conspirator stating that he was selling a pound
26  of methamphetamine for $1,000.

27      Overt Act No. 4:   On November 6, 2019, at defendant MOORE's
28  direction, a co-conspirator attempted to drive eleven ounces of

heroin across the United States-Mexico border at the San Ysidro port of entry.  Defendant MOORE followed the co-conspirator and was detained in the secondary stop area of the port of entry with the co-conspirator.

Overt Act No. 5:   On November 6, 2019, defendant MOORE exchanged text messages with a drug source in Mexico about the courier and learned from the source that the courier had been arrested and defendant MOORE needed to "be careful."

Overt Act No. 6:   On November 6, 2019, defendants MOORE and TALAUGON exchanged text messages discussing the sale of heroin.

Overt Act No. 7:   On November 7, 2019, defendant MOORE sent text messages to an unidentified number regarding the amount of heroin defendant MOORE had acquired, the price, the purity, and the current market for heroin.

Overt Act No. 8:   On November 29, 2019, defendant TALAUGON exchanged text messages with a potential customer offering to sell fentanyl in a Best Buy parking lot in San Luis Obispo.

Overt Act No. 9:   On January 2, 2020, defendant MOORE sent a text message to a co-conspirator, stating "I'm starting to fell some sorta way ur buying dope somewhere else and owing me money and ur not answering so now when I see u and I'm gonna seenu soon I want everything u can go to a casino and ow me u better have all my cash or I want it car ur computer everything and this is happening today."

Overt Act No. 10:   On January 20, 2020, in coded language in a text message, defendant MOORE offered to sell heroin to a customer at his residence.

Overt Act No. 11:   On January 27, 2020, defendant TALAUGON sent a text message to defendant MOORE stating "I need another pound."

4

1     <u>Overt Act No. 12:</u>  On February 19, 2020, defendant MOORE

2  transported approximately 1,027.6 grams of heroin, approximately

3  324.7 grams of methamphetamine, approximately 1,333 grams of

4  fentanyl, a loaded .40 caliber Glock-style handgun bearing an

5  obliterated serial number, and 25 packets of suboxone in his car from

6  the Los Angeles area toward the San Luis Obispo area.

7     <u>Overt Act No. 13:</u>  On February 20, 2020, defendant TALAUGON

8  transported approximately 1,002 grams of methamphetamine,

9  approximately 13.6 grams of a heroin/fentanyl mixture, approximately

10  3.2 grams of a methamphetamine/heroin/fentanyl mixture, and

11  approximately .51 grams of fentanyl in his car in the San Luis Obispo

12  area.

13     <u>Overt Act No. 14:</u>  On February 20, 2020, defendants MOORE and

14  TALAUGON possessed approximately 4.43 kilograms of a mixture and

15  substance containing a detectable amount of methamphetamine and 724

16  grams of a mixture and substance containing heroin in their residence

17  in San Luis Obispo.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT MOORE]

On or about February 19, 2020, in Santa Barbara County, within the Central District of California, defendant TIMOTHY KIETH MOORE knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1.33 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenlyethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

[DEFENDANT MOORE]

On or about February 19, 2020, in Santa Barbara County, within the Central District of California, defendant TIMOTHY KIETH MOORE knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 1,027.6 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT MOORE]

On or about February 19, 2020, in Santa Barbara County, within the Central District of California, defendant TIMOTHY KIETH MOORE, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 319.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT TALAUGON]

On or about February 20, 2020, in San Luis Obispo County, within the Central District of California, defendant JESSE DANIEL TALAUGON, also known as "Grumpy," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1,002 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about February 20, 2020, in San Luis Obispo County, within the Central District of California, defendants TIMOTHY KIETH MOORE and JESSE DANIEL TALAUGON, also known as "Grumpy," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 4.43 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about February 20, 2020, in San Luis Obispo County, within the Central District of California, defendants TIMOTHY KIETH MOORE and JESSE DANIEL TALAUGON, also known as "Grumpy," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 724 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT EIGHT

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT MOORE]

On or about February 19, 2020, in Santa Barbara County, within the Central District of California, defendant TIMOTHY KIETH MOORE knowingly carried a firearm, namely, a Glock Model 22 .40 caliber semiautomatic pistol, bearing an obliterated serial number, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, conspiracy to distribute controlled substances, in violation of Title 21 United States Code, Section 846, as charged in Count One of this Indictment, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Two of this Indictment, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i), as charged in Count Three of this Indictment, and possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Four of this Indictment.

COUNT NINE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT TALAUGON]

On or about February 20, 2020, in San Luis Obispo County, within the Central District of California, defendant JESSE DANIEL TALAUGON, also known as "Grumpy," knowingly possessed a firearm, namely, a Smith & Wesson M&P Model 9mm caliber semiautomatic pistol, bearing serial number HME3926, in furtherance of a drug trafficking crime, namely, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Six of this Indictment.

COUNT TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT MOORE]

On or about February 19, 2020, in Santa Barbara County, within the Central District of California, defendant TIMOTHY KIETH MOORE knowingly possessed a firearm, namely, a Glock Model 22 .40 caliber semiautomatic pistol, bearing an obliterated serial number, and ammunition, namely, eight rounds of Speer .40 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant MOORE possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Kern, Case Number BF108086A, on or about November 12, 2004.

(2) Possession of a Firearm by a Felon, in violation of California Penal Code Section 12021(A)(1), in the Superior Court of the State of California, County of Kern, Case Number BF108086A, on or about November 12, 2004.

(3) Possession of an Assault Rifle, in violation of California Penal Code Section 12280(B), in the Superior Court of the State of California, County of Kern, Case Number BF107504A, on or about November 12, 2004.

(4) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior

Court of the State of California, County of Kern, Case Number
BF118215B, on or about May 14, 2007.

COUNT ELEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT TALAUGON]

On or about February 20, 2020, in San Luis Obispo County, within the Central District of California, defendant JESSE DANIEL TALAUGON, also known as "Grumpy," knowingly possessed a firearm, namely, a Smith & Wesson M&P model 9mm caliber semiautomatic pistol, bearing serial number HME3926, and ammunition, namely, seven rounds of Smith & Wesson 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant TALAUGON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Obstruct/Resist Executive Officer, in violation of California Penal Code Section 69, in the Superior Court of the State of California, County of Santa Barbara, Case Number F289224, on or about October 25, 1999;

(2) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Santa Barbara, Case Number 1178850, on or about August 30, 2005;

(3) Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Santa Barbara, Case Number 1276541, on or about August 29, 2007;

(4) Possession of a Controlled Substance for Sale, in violation of the State of California Health and Safety Code Section 11377, in

1  the Superior Court of California, County of San Luis Obispo, Case

2  Number F000458585 on or about January 31, 2012;

3         (5) Bringing Drugs into California Prison or Jail, in violation

4  of California Penal Code Section 4573.6, in the Superior Court of the

5  State of California, County of San Luis Obispo, Case Number

6  F000458585001, on or about January 31, 2012; and

7         (6) Assault with Great Bodily Injury, in violation of California

8  Penal Code Section 245, in the Superior Court of the State of

9  California, County of San Luis Obispo, Case Number 0795783396, on or

10 about August 15, 2015.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1               FORFEITURE ALLEGATION ONE

2          [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3          1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 21,

6    United States Code, Section 853, Title 18, United States Code,

7    Section 924, and Title 28, United States Code, Section 2461(c), in

8    the event of any defendant's conviction of the offenses set forth in

9    Counts One through Seven of this Indictment.

10         2.    Any defendant so convicted shall forfeit to the United

11   States of America the following:

12              (a)   All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from any such

15   offense;

16              (b)   All right, title and interest in any and all property,

17   real or personal, used, or intended to be used, in any manner or

18   part, to commit, or to facilitate the commission of any such offense;

19              (c)   All right, title, and interest in any firearm or

20   ammunition involved in or used in any such offense, including but not

21   limited to the following:

22              i.    One Glock Model 22, .40 caliber semiautomatic

23   pistol, bearing an obliterated serial number;

24              ii.   One Smith & Wesson M&P Model 9mm caliber

25   semiautomatic pistol, bearing serial number HME3926;

26              iii. Eight rounds of Speer .40 caliber ammunition;

27              iv.   Seven rounds of Smith & Wesson 9mm caliber

28   ammunition; and

                                  18

1          (d)   To the extent such property is not available for

2    forfeiture, a sum of money equal to the total value of the property

3    described in subparagraphs (a), (b), and (c).

4          3.   Pursuant to Title 21, United States Code, Section 853(p),

5    any defendant so convicted, shall forfeit substitute property if, by

6    any act or omission of said defendant, the property described in the

7    preceding paragraph, or any portion thereof: (a) cannot be located

8    upon the exercise of due diligence; (b) has been transferred, sold

9    to, or deposited with a third party; (c) has been placed beyond the

10   jurisdiction of the court; (d) has been substantially diminished in

11   value; or (e) has been commingled with other property that cannot be

12   divided without difficulty.

1              FORFEITURE ALLEGATION TWO

2          [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of any defendant's conviction of

8  the offenses set forth in any of Counts Eight through Eleven of this

9  Indictment.

10     2.    Any defendant so convicted shall forfeit to the United

11 States of America the following:

12         (a)   All right, title, and interest in any firearm or

13 ammunition involved in or used in any such offense, including but not

14 limited to the following:

15              i.    One Glock Model 22, .40 caliber semiautomatic

16 pistol, bearing an obliterated serial number;

17              ii.   One Smith & Wesson M&P Model, 9mm caliber

18 semiautomatic pistol, bearing serial number HME3926;

19              iii. Eight rounds of Speer brand .40 caliber

20 ammunition;

21              iv.   Seven rounds of Smith & Wesson 9mm caliber

22 ammunition; and

23         (b)   To the extent such property is not available for

24 forfeiture, a sum of money equal to the total value of the property

25 described in subparagraph (a).

26     3.    Pursuant to Title 21, United States Code, Section 853(p),

27 as incorporated by Title 28, United States Code, Section 2461(c), any

28 defendant so convicted defendant shall forfeit substitute property,

1  up to the value of the property described in the preceding paragraph

2  if, as the result of any act or omission of said defendant, the

3  property described in the preceding paragraph or any portion thereof

4  (a) cannot be located upon the exercise of due diligence; (b) has

5  been transferred, sold to, or deposited with a third party; (c) has

6  been placed beyond the jurisdiction of the court; (d) has been

7  substantially diminished in value; or (e) has been commingled with

8  other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Acting Deputy Chief
General Crimes Section

KEVIN J. BUTLER
Assistant United States Attorney
General Crimes Section